Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8259 | **DATE** | 2/24/2003 |
| **CASE TITLE** | Nancy L. Johnson vs. Ameritech, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants defendant's motion for summary judgment as to Count II [17-1]. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 27 2003 | |
| | Notified counsel by telephone. | date docketed | 32 |
| ✓ | Docketing to mail notices. | AV | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK courtroom deputy's initials | | 03 FEB 26 AM 8:35 date mailed notice | |
| | | Date/time received in Central Clerk's Office mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| NANCY L. JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Judge Ronald A. Guzmán |
| | ) ) | 01 C 8259 |
| AMERITECH, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | FEB 27 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nancy Johnson has sued her former employer, Ameritech, Inc., for discharging her in violation of the Americans with Disabilities Acts, 42 U.S.C. § 12101 ("ADA") (Count I) and in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 ("FMLA") (Count II). In a previous order, this Court dismissed Count I. Before the Court is Ameritech's motion for summary judgment pursuant to Fed. R. Civ. P. ("Rule") 56 as to Count II. For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion and hereby terminates this case.

## FACTS

The following facts are undisputed. At all times pertinent to her FMLA claim, Johnson was an employee of Ameritech at its Arlington Heights Operations Center. (Def.'s LR 56.1(a)(3) ¶ 7.) Typically, plaintiff worked five eight-hour days per week. (*Id.* ¶ 10.) Typically, plaintiff worked no more than one day per month of overtime. (*Id.* ¶ 11.) Plaintiff worked little or no

1

overtime when her back was acting up, and her back began to really bother her in December 1997. (*Id.* ¶ 12.) Plaintiff received a verbal warning for unauthorized absences on February 2, 1998. (*Id.* ¶ 13.) Plaintiff received a written warning for unauthorized absences on September 30, 1998. (*Id.* ¶ 14.) On April 14, 1999, plaintiff was given a five-day suspension for unauthorized absences. (*Id.* ¶ 15.) The suspension began on April 15 and ran through April 21, 1998. (*Id.*) Plaintiff was warned that any further violations would lead to dismissal. (*Id.*) Plaintiff began an absence from work on October 5, 1999. (*Id.* ¶ 16.) When plaintiff returned to work at the conclusion of her medical leave, on November 24, 1999, she was suspended from work pending termination. (*Id.* ¶ 17.) Plaintiff's last day of work was November 24, 1999. (*Id.* ¶ 18.) During the twelve months preceding her last leave of absence, she worked for defendant for fewer than 1,250 hours. (*Id.* ¶¶ 20-21.) Plaintiff received at least twelve work weeks (sixty days) of approved leave for health purposes during the twelve month period immediately preceding her suspension pending termination on November 24, 1999. (*Id.* ¶ 23.) During 1999, Ameritech granted her paid leave for what plaintiff claimed was a serious health condition, despite the fact that plaintiff had exhausted all of the leave that she was entitled to under the FMLA. (*Id.* ¶ 25.)

On May 29, 2002, defendant served on plaintiff its Requests for Admission. (*Id.* ¶ 19.) Plaintiff never responded to defendant's Requests for Admission. (*Id.*)

## DISCUSSION

Rule 56(c) allows the Court to grant summary judgement "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In considering the evidence submitted by the parties, we do not weigh it or determine the truth of the asserted matters. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We "must view the facts, and all reasonable inferences drawn therefrom, in a light most favorable to the nonmoving party." *Baron v. City of Highland Park*, 195 F.3d 333, 337 (7th Cir. 1999). If a reasonable jury could not find for the party opposing the motion, it must be granted. *Seshadri v. Kasraian*, 130 F.3d 798, 804 (7th Cir. 1997).

In addition, with regard to summary judgment motions filed in the Northern District of Illinois, Local Rule 56.1 provides in pertinent part:

> Each party opposing a motion filed pursuant to Fed. R. Civ. P. 56 shall serve and file—
>
> (1) any opposing affidavits and other materials referred to in Fed. R. Civ. P. 56(e);
>
> (2) a supporting memorandum of law; and
>
> (3) a concise response to the movant's statement that shall contain:
>
>> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>>
>> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

3

LR56.1(b). That rule also provides that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* The Seventh Circuit has "repeatedly upheld the strict enforcement of these rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994).

Although given ample opportunity, plaintiff has failed to respond to defendant's motion for summary judgment and its LR 56.1 statement.[1] Pursuant to LR 56.1, which this Court strictly enforces, this Court deems admitted all material facts as set forth in defendant's LR 56.1 statement.

Further, the crucial fact that plaintiff worked for defendant for fewer than 1,250 hours during the twelve-month period preceding her last leave of absence is deemed admitted by virtue that plaintiff failed to respond to defendant's requests for admissions, which included a request as to that particular fact. (Def.'s LR 56.1(a)(3) ¶ 7; Def.'s Ex. 8, ¶ 2.) "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). "Rule 36(b) provides that a matter admitted is 'conclusively established.'"

---

[1] Although the Court afforded plaintiff a second opportunity to respond to the motion, she failed to take advantage of that opportunity. The Court then stated that "[b]ecause plaintiff, again, has failed to file a response or move for an extension of time before the due date, the court will rule on the summary judgment motion without the benefit of plaintiff's response." (Minute Order of 11/8/2002.)

4

*Id.* Thus, even if Johnson were to have responded to the motion for summary judgment, she still could not have attacked particular issues of fact established in admissions. *See id.* ("Affidavits and depositions entered in opposition to summary judgment that attempt to establish issues of fact cannot refute default admissions.").

Defendant has moved for summary judgment as to its FMLA claim because plaintiff is not an eligible employee and therefore cannot be afforded protection by the FMLA. The FMLA states in pertinent part that "any employer who violates section 105 [29 U.S.C. § 2615] shall be liable to any eligible employee affected . . . for damages . . . ." An eligible employee is an employee who has been employed "for at least 12 months by the employer with respect to whom leave is requested . . . and . . . for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). "[A]n employee only gets credit toward the FMLA 'hours of service' requirement if the employee actually worked the hours in question." *Robbins v. Bureau of Nat'l Affairs, Inc.*, 896 F. Supp. 18, 21 (D.D.C. 1995); *see* 29 U.S.C. § 207(e)(2); 29 U.S.C. § 2611(2)(A)(ii); 29 C.F.R. §§ 778.216, 785.1-.9 (using terms "hours of service," "hours of employment," "hours worked," and "hours of work" interchangeably); *see also Clark v. Allegheny Univ. Hosp.*, No. CIV. A. 97-6113, 1998 WL 94803, at *4 n.7 (E.D. Pa. Mar. 4, 1998) (noting that the FMLA and FLSA appear to use these terms interchangeably). Paid vacation, unpaid vacation, and sick time are not considered "hours of work." *Robbins*, 896 F. Supp. at 21.

Plaintiff admits that she did not work 1,250 hours during the twelve-month period preceding her last leave of absence. (Def.'s LR 56.1(a)(3) ¶¶ 20-21.) Accordingly, the

Court finds that she is not an "eligible employee" as that term is defined in § 101 of the FMLA, 29 U.S.C. § 2611. For the twelve-month period beginning on October 5, 1998 and ending October 4, 1999, plaintiff's attendance records show that plaintiff worked 129 eight-hour days or 1,032 hours. (*Id.* ¶ 44). Even taking plaintiff's view, a view which defendant acknowledges and addresses in its motion, that she worked two days more than the records show, she would have worked 131 eight-hour days or 1,048 hours. (*Id.*) Her attendance records for 1998 and 1999 demonstrate that the defendant approved 79 FMLA days during the twelve-month period which preceded plaintiff's suspension pending termination. (*Id.* ¶ 45). Plaintiff's attendance records for 1998 and 1999 indicate that plaintiff called in sick 124 days during the twelve-month period. (*Id.* ¶ 46). Therefore, this Court holds that because the FMLA only protects "eligible employees" and the plaintiff is not an eligible employee because she failed to work the requisite number of hours in the prescribed twelve-month period, the Court grants defendant's summary judgment motion.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for summary judgment as to Count II [doc. no. 17-1]. This case is hereby terminated.

SO ORDERED                                              ENTERED: 2-24-03

*/s/ Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge